**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REJINALD JOSEPH aka JOSEPH REJINALD,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, et al,<br>Respondents. | Case No.: 26-cv-6119-BJC-JLB<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On October 27, 2026, Petitioner Rejinald Joseph aka Joseph Rejinald, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241. ECF No. 1. Petitioner, a citizen of Haiti, entered the United States on July 8, 2023, at the Hidalgo Port of Entry after registering through the CBP 1 program. He was issued a Notice to Appear and released into the United States on parole in 2023. Petitioner filed an application for Asylum, form I-589 and filed an application for Temporary Protected Status. Removal proceedings were terminated, and he was issued an employment authorization document. October 21, 2026, Petitioner was confronted by ICE agents at the parking lot of his apartment complex. ICE officers detained him and transported him to the Otay Mesa Detention Center, where he

remains detained.

No pre-deprivation hearing was held prior to his re-detention, and he has not been given a bond hearing. Petitioner requests that the Court assume jurisdiction over the matter, grant the petition, and order Petitioner's immediate release from custody.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II. DISCUSSION

Petitioner contends his detention violates the Immigration and Nationality Act and Due Process Clause of the Fifth Amendment. In response, Respondents state that Petitioner is subject to detention under section 1225(b)(2) but acknowledge "that this Court's prior decisions will control the result here if the Court adheres to its prior decisions" therefore, "the government does not oppose the petition and defers to the Court on the appropriate relief."[1] ECF No. 6.

Here, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner

---

[1] Respondents argue that the Court does not need to address Petitioner's Due Process arguments because the Court could order a bond hearing, which is another ground upon which to dispose of the case that does not require a constitutional analysis, citing *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009)("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case.") The Court finds that a Due Process analysis is necessary in this case.

was provided no individualized determination, and no opportunity to be heard before he was detained. Accordingly, the Court finds Petitioner's revocation of parole and detention violates his Due Process rights.

## III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: November 3, 2026

Honorable Benjamin J. Cheeks
United States District Judge